HORNER, Appellant,

v.

TOLEDO HOSPITAL et al., Appellees.

[Cite as *Horner v. Toledo Hosp.* (1993), 94 Ohio App.3d 282.]

Court of Appeals of Ohio,
Lucas County.

No. L–91–417.

Decided Feb. 19, 1993.

*Brandon G. Schnorf, Jr.* and *Kevin M. Ferguson,* for appellant.

*Fritz Byers,* for appellees Theodore Braun, M.D., West Central Medical Group and the Toledo Hospital.

*James R. Jeffery,* for appellee James Harris, M.D.

ABOOD, Judge.

This is a consolidated appeal from judgments of the Lucas County Court of Common Pleas which, following a trial by jury, entered judgment in favor of

defendant-appellee, James Harris, M.D.; entered judgment against defendant-appellees Toledo Hospital, Theodore M. Braun, M.D., and West Central Medical Group; and granted the motion for new trial of defendant-appellees Toledo Hospital, Theodore M. Braun, M.D., and West Central Medical Group.

Appellant, Agnes M. Horner, sets forth three assignments of error:

"ASSIGNMENT OF ERROR NO. 1: The trial court committed prejudicial error in denying the plaintiff/appellant's motion to dismiss and to strike from the record the motions of the defendant/appellees, The Toledo Hospital, Theodore M. Braun, M.D., and West Central Medical Group, for j.n.o.v., new trial or remittitur, in that the said motions of the defendant/appellees were not timely filed in accordance with Civil Rules 50(B) and 59(B) and should not have been considered by the trial court, and that the court also committed prejudicial error in thereafter granting the defendant/appellees' motion for new trial.

"ASSIGNMENT OF ERROR NO. 2: In its Opinion and Journal Entry of November 18, 1991, conditionally granting the defendant/appellees' motion for new trial and admonishing plaintiff/appellant that unless she consented to a remittitur in the amount of $750,000 the court would grant the defendants' motion for new trial, and finding that the verdict of the jury was clearly excessive and the result of passion and prejudice, and finding that the plaintiff/appellant allegedly presented virtually no evidence of future damages, the trial court abused its discretion and committed prejudicial error; that the said Opinion and Journal Entry of November 18, 1991, and its findings, were contrary to law and manifestly against the weight of the evidence.

"A. The trial court further committed prejudicial error in its Order of December 6, 1991, granting the defendant/appellees' motion for new trial based upon the plaintiff/appellant's refusal to accept the said remittitur in that the said order was an abuse of the trial court's discretion, was contrary to law, and was manifestly against the weight of the evidence.

"ASSIGNMENT OF ERROR NO. 3: The jury verdict finding in favor of defendant, James Harris, M.D., and against the plaintiff, Agnes M. Horner, as set forth in the March 4, 1991 Judgment Entry, was in error, as the said verdict was against the manifest weight of the evidence presented at trial."

The undisputed chronology of the facts that are relevant to a determination of the issues raised by appellant's first assignment of error are as follows. On November 25, 1988, appellant brought a medical malpractice action in the Lucas County Court of Common Pleas in which she alleged that appellees and others negligently caused her to have an unnecessary radical mastectomy and lymph node dissection, and demanded compensatory damages from each of them. As to

Dr. Braun, her complaint separately alleged reckless indifference and demanded punitive damages.[1]

On May 1, 1990, Dr. Braun filed a motion for summary judgment on the issue of punitive damages. On November 13, 1990, a pretrial hearing was held during which the trial court stated verbally and wrote on the trial docket sheet that "[a]s to the defendant's motion for summary judgment on the issue of punitive damages, this motion is found well-taken and granted." The trial judge placed his initials next to the docket sheet entry. While that entry was placed on the appearance docket kept by the clerk, it never appeared in a separate judgment entry and was never entered upon the court's journal by the clerk.

On November 14, 1990, the case proceeded to trial on the issues of liability and compensatory damages only. On November 21, 1990, the jury returned a verdict in favor of appellant as to appellees, Braun, Toledo Hospital and West Central Medical Group, and awarded compensatory damages in the amount of $1,520,000. As to appellant's claims against James Harris, M.D., the jury returned a verdict in favor of Harris. On March 4, 1991, the trial court filed its separate judgment entry which entered judgment on the jury verdicts and that judgment was entered upon the journal by the clerk.

On March 15, 1991 and March 19, 1991, appellees filed motions for extensions of time to file motions for judgment notwithstanding the verdict ("JNOV"), new trial and remittitur, which motions were filed on March 22, 1991. On March 25, 1991, the trial court filed its order granting appellees an extension to file the March 22, 1991 motions.

On April 8, 1991, appellant filed a motion to dismiss and to strike appellees' motion for JNOV, new trial or remittitur in which she alleged that these motions were not timely filed pursuant to Civ.R. 50(B) and 59(B).

On November 18, 1991, the trial court filed three separate judgment entries in which, respectively, it: (1) denied appellant's motion to dismiss and to strike filed April 8, 1991; (2) denied appellees' motion for JNOV but, as to appellees' motion for new trial or remittitur, ordered that unless the plaintiff consents to a remittitur in the amount of $750,000, the court will grant the new trial motion;

---

1. The complaint named the following as party-defendants: Toledo Hospital, Toledo P.A.T.H., Inc., James Harris, M.D., Theodore M. Braun, M.D., and Warren A. Nordin, M.D. Subsequently, appellant filed a companion complaint against West Central Medical Group, which was consolidated into this action. The complaint sought compensatory damages as to each of the six defendants and, in addition, sought "exemplary" damages as to Drs. Braun and Harris only. Dr. Nordin and Toledo P.A.T.H., Inc. are not parties to this appeal and no further reference will be made to them. Dr. Harris is a party to this appeal, but is not the subject of appellant's first assignment of error. The term "appellees," therefore, used by this court in conjunction with appellant's first assignment of error, refers only to Toledo Hospital, Dr. Braun and West Central Medical Group.

and (3) as to appellant's May 1, 1990 motion for summary judgment, stated " * * * the motions for summary judgment of the plaintiff's intentional tort/punitive damages claim [is] well taken and * * * hereby ordered granted and [such] claims are dismissed. This order is made to journalize the Courts [*sic*] oral notation of November 13, 1990 that it would grant the defendants' motions for summary judgment." Each of these judgment entries was journalized.

On December 6, 1991, the trial court filed a judgment entry in which it found that "[t]he Court, being advised by plaintiff that the remittitur is not consented to, hereby grants the motion for a new trial * * *." On December 12, 1991, appellant filed a notice of appeal from (1) the March 4, 1990 judgment on the verdict; (2) the November 18, 1991 judgment which denied her April 8, 1991, motion to dismiss or to strike; (3) the November 18, 1991 judgment which provided that if appellant did not consent to a remittitur it would grant the motion for new trial; and (4) the December 6, 1991 judgment which granted the motion for new trial.

In support of her first assignment of error, appellant argues that appellees' motion for new trial filed on March 22, 1991 was untimely under Civ.R. 59(B) because it was not filed within fourteen days of the court's filing of its judgment on the verdict. Appellant claims that the March 4, 1991 judgment on the verdict is a final appealable order because it adjudicated all the claims and all the rights and liabilities of all the parties in the case. She contends that the court's failure to separately journalize its November 13, 1990 decision as to the summary judgment on punitive damages and the court's failure to mention it in its March 4, 1991 judgment on the verdict, does not destroy the finality or appealability of the March 4, 1991 judgment. In support of this latter contention, appellant argues (1) a demand or prayer for punitive damages does not constitute a separate claim or cause of action; (2) the issue of punitive damages was merged in the trial court's entry of the judgment on the verdict; (3) the trial court's November 13, 1990 ruling on appellees' motion for summary judgment on the issue of punitive damages was an interlocutory order and interlocutory orders are merged into final judgments; (4) under current Ohio rules of practice, judgments are based on the evidence adduced rather than on the allegations of the complaint; (5) any claim for punitive damages had been waived; and (6) the trial court, on June 18, 1991, had already made an entry on its docket that appellant's motion to dismiss and to strike appellees' motion for a new trial " * * * is granted [and] the defendants' post-trial motions are hereby dismissed." [2]

---

2. We note that appellant also argues that on March 25, 1991, the trial court, in contravention of Civ.R. 6(B), granted appellees' request for an extension of time in which to file their alternative post-trial motions. Under Civ.R. 6(B), the trial court " * * * may not extend the time for taking any action under Rule 50(B), Rule 59(B), Rule 59(D) * * *." It is clear,

Appellees respond that as of March 22, 1991, the date on which their motion for a new trial was filed, the trial court had not yet entered an appealable final judgment. In support they argue that until November 18, 1991, when the trial court finally journalized its November 13, 1990 ruling granting summary judgment on the issue of punitive damages, the issue of punitive damages remained unadjudicated and, therefore, the March 4, 1991 judgment on the verdict was not final. They contend that: (1) the November 13, 1990 ruling did not adjudicate appellant's prayer for punitive damages because it was not journalized; (2) "[w]hen, as in the present case, an entry is made while there is a pending undecided matter before the trial court, the entry operates as an adjudication of the pending matter only if the entry disposes of it 'either expressly or by necessary implication' "; and (3) as to waiver, appellant's " * * * pre-trial opposition to the motion for summary judgment was sufficient to preserve her claim to punitive damages."

Appellant replies that a prayer for punitive damages is not such an essential part of a claim that the failure to journalize an interlocutory ruling thereon affected the finality of the March 4, 1991 judgment on the verdict.

The broad determination to be made under appellant's first assignment of error is whether appellees' motion for new trial, filed more than fourteen days after the entry of the March 4, 1991 judgment on the verdict, was untimely.

Civ.R. 59(B) provides that:

"A motion for a new trial shall be served not later than fourteen days after the *entry of the judgment.*" (Emphasis added.)

Civ.R. 58(A), governing *entry of judgment,* provides in pertinent part that:

"Subject to the provisions of Rule 54(B), upon a general verdict of a jury, * * * the court shall promptly cause the *judgment* to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. A *judgment* is effective only when entered by the clerk upon the journal." (Emphasis added.)

Civ.R. 54(A) provides, in pertinent part, that:

" 'Judgment' as used in these rules includes a decree and any order from which an appeal lies as provided in R.C. 2505.02. * * * "

R.C. 2505.02 provides, in pertinent part, that:

---

however, that the basis upon which the trial court denied appellant's motion to strike appellees' post-trial motions is its finding that the March 4, 1991 judgment on the verdict is not final and appealable. If this finding is correct, then Civ.R. 6(B) does not come into play, since time had not yet began to run, and no extension was needed. If, however, this finding is in error, then appellees concede that " * * * the motion was untimely * * * and the trial court's decision to address the motion on the merits should be reversed." This court will not, therefore, separately address the Civ.R. 6(B) issue.

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment * * * is a final order * * *."

At the core of appellant's first assignment of error is the question of whether the March 4, 1991 judgment on the verdict is a final order.

■ For an order to be final and appealable it must either (a) dispose of the whole case, *i.e.*, resolve all claims between all parties, or (b) in a case involving multiple claims and multiple parties, dispose of at least one full claim by one party against another and contain an express certification pursuant to Civ.R. 54(B). R.C. 2505.02; Civ.R. 54(A) and (B); *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381; *Lantsberry v. Tilley Lamp Co.* (1971), 27 Ohio St.2d 303, 306, 56 O.O.2d 179, 181, 272 N.E.2d 127, 129; *Norvell v. Cuyahoga Cty. Hosp.* (1983), 11 Ohio App.3d 70, 71, 11 OBR 120, 121, 463 N.E.2d 111, 113; *R & H Trucking, Inc. v. Occidental Fire & Cas. Co.* (1981), 2 Ohio App.3d 269, 271, 2 OBR 298, 300, 441 N.E.2d 816, 818; 6 Moore, Federal Practice (1992) 54–164 to 54–167, Section 54.30[1].

As stated in *Noble, supra,* 44 Ohio St.3d at 94, 540 N.E.2d at 1383:

" ' * * * [T]he entire concept of "final orders" is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof.' " *Id.*, quoting *Lantsberry, supra,* 27 Ohio St.2d at 306, 56 O.O.2d at 180, 272 N.E.2d at 129.

■ In framing the issues for determining whether the March 4, 1991 judgment is a final order, it is important to note that, although this action involves multiple parties, the March 4, 1991 judgment on the verdict did not contain an express certification pursuant to Civ.R. 54(B). Therefore, for that order to be final, it must have disposed of the whole case, *i.e.*, resolved all claims between all parties.

■ It is undisputed that the March 4, 1991 judgment on the verdict finally adjudicated all the claims and all the rights and liabilities of all the parties involved in this lawsuit with the only exception being appellees' contention as to the prayer for punitive damages against Dr. Braun.

When reviewing appellant's complaint, it is important to note that it asserts one claim against Dr. Braun which claim contains a demand for both compensatory and punitive damages. As such, the prayer for punitive damages is not a separate claim in itself but rather an issue in the overall claim for damages. *Bishop v. Grdina* (1985), 20 Ohio St.3d 26, 28, 20 OBR 213, 214, 485 N.E.2d 704, 705; *R & H Trucking, Inc., supra,* 2 Ohio App.3d at 271, 2 OBR at 300, 441 N.E.2d at 818; *Justice v. Stout Bros., Inc.* (July 18, 1989), Franklin App. No.

89AP–164, unreported, at 2, 1989 WL 83578; *Heffernan v. Cent. Natl. Bank of Cleveland* (June 11, 1987), Cuyahoga App. No. 52250, unreported, 3–4, 1987 WL 12617. The focus in this case then, is not on the relationship between multiple claims or parties but on the relationship between the interlocutory resolution of the *issue* of punitive damages and the later entry of judgment on the remainder of *the claim for damages.*[3]

The dispositive issue in this case is whether the unjournalized interlocutory ruling made by the trial court on November 13, 1990, which granted summary judgment to Dr. Braun on the issue of punitive damages, merged into the March 4, 1991 judgment entered upon the jury verdict.

As to the relationship between the entry of final judgment and issues in a claim that were previously *adjudicated:*

"The * * * court has complete control over its interlocutory orders until the entry of a final judgment into which they are merged. An appeal from the final judgment would, therefore, bring up all interlocutory rulings affecting the rights finally adjudged. * * * All interlocutory orders and decrees are merged in the final judgment." 9 Moore, *supra,* at 194–196, Section 110.18; see, also, *id.,* at 49–54, Section 110.08[1]; and *Colom v. Colom* (1979), 58 Ohio St.2d 245, 247, 12 O.O.3d 242, 243, 389 N.E.2d 856, 858, and syllabus (general rule applied to a domestic relations action).

Appellees contend, however, that the trial court's November 13, 1990 pretrial ruling that granted their motion for summary judgment on appellant's prayer for punitive damages was not adjudicated because it was not journalized, relying on Civ.R. 58(A) and *Moskovitz v. Mt. Sinai Med. Ctr.* (Sept. 26, 1991), Cuyahoga App. Nos. 60464 and 61166, 1991 WL 191849. Civ.R. 58(A), however, unlike its predecessors (G.C. 11604 and R.C. 2323.22), does not require that all judgments and orders be entered on the journal. It requires only that a judgment, *i.e.,* a final order, be so entered. Absent such entry, a "judgment" that is merely pronounced is inchoate only. "Though possessing the character of potentiality, it lacks the character of actuality, and hence is without probative force." *Coe v. Erb* (1898), 59 Ohio St. 259, 263, 52 N.E. 640, 641; see, also, *State ex rel. Indus. Comm. v. Day* (1940), 136 Ohio St. 477, 17 O.O. 86, 26 N.E.2d 1014. Under *Moskovitz* and *Brown v. L.A. Wells Constr. Co.* (1944), 143 Ohio St. 580, 28 O.O.

---

**3.** The precise wording in *Bishop* is that "* * * punitive damages * * * [is] a mere *incident* of the *cause of action,* rather than * * * a *cause of action* in and of itself." (Emphasis added in part.) *Id.,* 20 Ohio St.3d at 28, 20 OBR at 214, 485 N.E.2d at 705. The Supreme Court, however, has made it clear that in the present context the words "cause of action" are synonymous with "claim for relief." *Noble, supra,* 44 Ohio St.3d at 95, 540 N.E.2d at 1384; *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 256, 21 O.O.3d 158, 160, 423 N.E.2d 452, 454.

486, 56 N.E.2d 451, this principle is extended to interlocutory pronouncements of rulings that purport to adjudicate all the rights and liabilities of *a party* or *an entire claim* in cases involving multiple parties or multiple claims.

An interlocutory ruling that purports to extinguish entitlement to punitive damages, however, is in the nature of an interlocutory pretrial action taken to simplify the *issues* for trial pursuant to Civ.R. 16(2). *R & H Trucking, Inc., supra,* 2 Ohio App.3d at 271, 2 OBR at 300, 441 N.E.2d at 818; *Heffernan, supra,* at 3. Such a ruling merely extinguishes one of several different theories of recovery based upon the same facts. *Justice, supra,* at 2. Civ.R. 16 requires the court to make and enter an order reciting its pretrial action only when requested to do so by a party. "Absent the request of a party, a court is not required to prepare a pretrial order." Staff Note (1970) to Civ.R. 16.

Upon consideration of the foregoing, this court is not inclined to extend the holdings of *Moskovitz* and *Brown* to require journalization of an interlocutory pretrial ruling that extinguishes a prayer for punitive damages, where the final judgment entered in the case granted complete relief but merely omitted reference to that prior ruling.

■ This court therefore finds that the November 13, 1990 unjournalized pretrial ruling granting appellees' motion for summary judgment on the issue of punitive damages merged into the final judgment entered March 4, 1991, and that appellees' motion for a new trial, filed more than fourteen days after the entry of final judgment, was untimely and the trial court erred in considering the merits thereof.

Accordingly, appellant's first assignment of error is found well taken. Having found that the judgment entered on March 4, 1991 is the final order in this case and that appellees' motion for new trial was untimely filed, appellant's second assignment of error, directed at the merits of the grant of a new trial, is thereby rendered moot. App.R. 12(A)(1)(c).

■ As to appellant's third assignment of error, since we have determined that the judgment entered on March 4, 1991 is the final judgment in this case, the time to appeal that judgment expired thirty days thereafter. App.R. 3(A) and 4(A). This court, therefore, is without jurisdiction to consider appellant's third assignment of error.

On consideration whereof, this court finds that substantial justice has not been done the party complaining, and the judgment of the court of common pleas purporting to grant appellees' motion for a new trial is reversed. Costs assessed against appellees.

*Judgment reversed.*

HANDWORK and SHERCK, JJ., concur.