This matter comes before the Court on consideration of the September 27, 1999 "Appellant's Memorandum on Finality and Appealability of Judgment" filed in response to this Court's September 13, 1999 "Entry." Appellee has filed no response. This appeal is taken from the July 26, 1999 "Judgment Entry" which overrules defendant-appellant's motion to set aside the default judgment and states that the issues concerning damages will be resolved at a later date.
Appellate courts in Ohio have jurisdiction to review the final orders or judgments of inferior courts within their districts. Section 3 (B)(2), Article IV, Ohio Constitution; R.C. 2501.02Prod. Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207, 210,621 N.E.2d 1360, 1362 at fn. 2; Kouns v. Pemberton (1992),84 Ohio App.3d 499, 501, 617 N.E.2d 701,702. Although the parties did not raise this jurisdictional issue, we must raise it sua sponte because if an order is not final and appealable pursuant to R.C. 2505.02, a court of appeals does not have jurisdiction to consider the matter.
A final appealable order is one that, inter alia, affects a "substantial right" and either determines the action or is entered in a special proceeding. R.C. 2505.02 (B)(1) and (2). The definition of a final order that applies to the July 26th judgment is R.C. 2505.02 (B)(1): "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." In a case such as the one subjudice, involving multiple claims and parties, a judgment is not final unless it complies with the requirements of R.C. 2505.02.
The July 26, 1999 "Judgment Entry" leaves the issue of damages unresolved. A determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief, rather than a separate claim in and of themselves. Horner v. Toledo Hospital (1993), 94 Ohio App.3d 282,290, 640 N.E.2d 857, 861. A judgment which grants a default judgment on the issue of liability and sets the issues of damages for future hearing is not a final appealable order. Likewise, an order overruling a motion to vacate that order cannot be a final appealable order. Pinson v. Triplett (1983), 9 Ohio App.3d 46,458 N.E.2d 461.
Accordingly, we find that the July 26, 1999 "Order" is not a final or appealable order. Thus, this Court does not have jurisdiction to consider the merits of the appeal.
Appeal DISMISSED. Costs to Appellant.
HARSHA, J., and KLINE, P.J.: Concur.
 __________________________________ PETER B. ABELE Administrative Judge
The clerk is directed to mail a copy of this Decision and Judgment Entry to all counsel by regular United States mail at their last known addresses.