DECISION AND JOURNAL ENTRY
Appellant, the Cincinnati Insurance Company ("CIC"), has attempted to appeal a judgment of the Wayne County Court of Common Pleas that awarded attorney's fees to appellee Colelli and Associates ("Colelli"). This Court dismisses the appeal for lack of a final appealable order.
This is the third time this case has been before this Court. The underlying case stems from the use of certain chemicals in the production of gasoline and other oil products. CIC had issued an insurance policy to Colelli on Colelli's use of the chemicals at issue. CIC filed a complaint for declaratory judgment in the trial court, naming as defendants Colelli and numerous companies involved in oil extraction and production of oil by-products ("the producer defendants"). CIC sought a declaration that it did not have a duty to defend Colelli from various lawsuits brought by the producer defendants and that it did not have a duty to indemnify Colelli from the claims of the producer defendants. Colelli counterclaimed, seeking a declaration that CIC did have a duty to defend and a duty to indemnify with regard to the lawsuits of the producer defendants.
The various parties moved for summary judgment, and the trial court granted summary judgment to Colelli and the producer defendants. CIC appealed, and this Court affirmed in part and reversed in part. Cincinnati Ins. Co. v. Colelli Assoc., Inc.
(June 17, 1998), Wayne App. No. 97CA0042, unreported ("Cincinnati"). This Court held that summary judgment was improperly granted because the trial court did not render an adequate construction of the insurance policy and of the parties' rights and responsibilities under the policy. Id.
On remand, the trial court ruled on the parties' various motions. The trial court's order stated in pertinent part:
It is thereby ORDERED, for the reasons stated above:
 1. Colelli is granted partial summary judgment on its counterclaim as to the duty to defend.
2. CIC's motion for summary judgment is denied.
 3. Pennzoil's and Colelli's motions for summary judgment are granted as to exclusions "k", "l" and "n". [sic]
This case is scheduled for jury trial * * *.
 The order appeared to resolve the issue of indemnification as to the three exclusions under the insurance policy listed in the trial court's order. However, the order did not resolve the issue of indemnification as to a fourth exclusion, Exclusion 2(m), because the trial court found that genuine issues of material fact existed as to the application of that exclusion.
CIC filed a notice of appeal from the trial court's order. By journal entry, this Court dismissed the appeal for lack of a final appealable order ("Cincinnati II"). This Court concluded that, because the order did not resolve all claims against all parties and did not contain language from Civ.R. 54(B) finding that there was no just reason for delay, the order was not final and appealable.
During the pendency of Cincinnati I, Colelli filed a petition for further relief under R.C. 2721.09, seeking attorney's fees as compensation for CIC's failure to undertake its duty to defend. The resolution of that petition, and a later supplement, was stayed pending the resolution of Cincinnati I. After Cincinnati I
and Cincinnati II, the trial court held a hearing on the petition and received testimony and exhibits. On April 9, 1999, the trial court issued its decision, awarding $124,683.75 in attorney fees to Colelli. CIC then filed a notice of appeal from that order, which began the instant appeal.
This Court has jurisdiction only over final, appealable orders as defined in R.C. 2505.02. In addition, "[a]n order of a court is a final, appealable order only if the requirements of both Civ. R. 54(B), if applicable, and R.C. 2505.02 are met."Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus. See, also, Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.
(1989), 44 Ohio St.3d 17, 20-21. In Cincinnati II, this Court dismissed the appeal because the trial court's order did not resolve all claims against all parties (claims of indemnification from CIC's complaint and Colelli's counterclaim were still not fully resolved), and the requirements of Civ.R. 54(B) were not met. In the case at bar, CIC has argued that the trial court's order of April 9, 1999, is a "final judgment," and that the order appealed from in Cincinnati II has been merged into that final judgment. See, e.g., Horner v. Toledo Hosp. (1993), 94 Ohio App.3d 282,289.
CIC's argument is not well taken. The April 9, 1999 order is premised upon the trial court's decision that CIC had a duty to defend Colelli against the claims of the producer defendants. However, the claims dealing with CIC's duty to defend have not been decided in a final appealable order. Because the issue of CIC's duty to defend has not been determined with finality, the April 9, 1999 order does not determine with finality the issue of attorney's fees and does not "prevent a judgment" in CIC's favor as to Colelli's petition for attorney's fees.[1] See R.C.2505.02(B)(4)(a). Therefore, the trial court's order dated April 9, 1999, is not a final appealable order and does not render the trial court's prior order granting partial summary judgment in favor of Colelli, the subject of Cincinnati II, a final appealable order.
The order from which CIC has attempted to appeal is not a final appealable order. This Court is without jurisdiction to hear this case. Accordingly, the appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ________________ DONNA J. CARR
FOR THE COURT WHITMORE, J. CONCURS
SLABY, J. CONCURS IN JUDGMENT ONLY
[1] This Court also notes that while most of the producer defendants have been dismissed from the case, at least two remain: Noble Oil Corporation and Viking Resource Corporation. Furthermore, with the exception of Pennzoil, the other producer defendants were not dismissed until after the notice of appeal was filed in this case. As such, there is the potential that Colelli will seek additional attorney fees for the lawsuits involving those entities, in addition to attorney's fees for this attempted appeal. While there may be questions as to the validity and timing of the trial court's order of April 9, 1999, absent a final appealable order, this Court cannot address those questions.