DECISION AND JUDGMENT ENTRY
This matter comes before the Court on consideration of the February 11, 2000 "Defendants-Appellees, Jack D. White and Gene T. White d/b/a Cave Lake Park's Motion to Dismiss Appeal" and appellant's "Memoranda" concerning the question of whether the appeal is taken from a final appealable order. This appeal is taken from the December 17, 1999 "Judgment Entry" which grants judgment in favor of appellants against the remaining defendant Phillip Gregory Jones and schedules a hearing on the matter of damages. The record reflects that the hearing on damages is currently scheduled for May 24, 2000.
Appellate courts in Ohio have jurisdiction to review the final orders or judgments of inferior courts within their districts. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02; Prod.Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207, 210,621 N.E.2d 1360, 1362 at fn. 2; Kouns v. Pemberton (1992),84 Ohio App.3d 499, 501, 617 N.E.2d 701, 702. Unless a judgment is final pursuant to R.C. 2505.02, a court of appeals does not have jurisdiction to consider the matter.
A final appealable order is one that, inter alia, affects a "substantial right" and either determines the action or is entered in a special proceeding. R.C. 2505.02(B)(1) and (2). The definition of a final order that applies to the December 17th judgment is R.C.2505.02(B)(1): "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment."
The December 17, 1999 "Judgment Entry" leaves the issue of damages unresolved. A determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief; rather than a separate claim in and of themselves.Horner v. Toledo Hosp. (1993), 94 Ohio App.3d 282, 290,640 N.E.2d 857, 861. A judgment which grants a judgment on the issue of liability and sets the issues of damages for future hearing is not a final appealable order.
Accordingly, we find that the December 17th "Judgment Entry" is not a final or appealable order. Thus, this Court does not have jurisdiction to consider the merits of the appeal.
Appeal DISMISSED. Costs to Appellant.
Kline, P.J., and Evans, J.: Concur.
 ____________________________________ PETER B. ABELE, ADMINISTRATIVE JUDGE
The clerk is directed to mail a copy of this Decision and Judgment Entry to all counsel and to Phillip Gregory Jones by regular United States mail at their last known addresses.