DECISION AND JUDGMENT ENTRY
This appeal is taken from the November 1, 1999 "Order" issued after a hearing on appellee's motion to hold appellant in contempt. The November 1st "Order" finds that appellant did not comply with the requirements of the February 7, 1997 "Agreed Journal Entry" which governed payment of certain marital obligations. In addition, the November 1st "Order" grants judgment against appellant and in favor of appellee in the total sum of $3,530.61 for marital debts, attorney fees, and costs. This amount shall be offset against appellee's as yet undetermined obligation to pay for a heat pump.
Appellate courts in Ohio have jurisdiction to review the final orders or judgments of inferior courts within their districts. Section 3 (B) (2), Article IV, Ohio Constitution; R.C. 2501.02;Prod. Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207, 210,621 N.E.2d 1360, 1362 at fn.2; Kouns v. Pemberton (1992),84 Ohio App.3d 499, 501, 617 N.E.2d 701, 702. If an order is not final and appealable pursuant to R.C. 2505.02, a court of appeals does not have jurisdiction to consider the matter. Although the parties have not raised the issue, we raise it sua sponte. The parties have filed memoranda regarding the jurisdictional issue.
A final appealable order is one that, inter alia, affects a "substantial right" and determines the action or is entered in a special proceeding. R.C. 2505.02 (B) (1) and (2). In the case subjudice, both of these definitions apply. First, R.C. 2505.02 (B) (1) provides that a final order is: "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." The November 1st "Order" finds that appellant failed to fulfill his financial obligations and appellant is ordered to pay appellee the amount of $3,530.61. However, the "Order" further states: "This amount shall be offset against Plaintiff Pamela Riley's obligation to pay for the heat pump in an amount yet to be determined." Thus, the amount of money that appellant is obligated to pay remains unresolved. A determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief rather than a separate claim in and of themselves.Horner v. Toledo Hosp. (1993), 94 Ohio App.3d 282, 290,640 N.E.2d 857, 861. A judgment which grants a judgment on the issue of liability and sets the issues of damages for future hearing is not a final appealable order.
Second, a final appealable order is one that affects a "substantial right" and is entered in a special proceeding. R.C.2505.02 (A) (1) and (B) (2). The November 1st judgment was issued after a hearing on appellee's motion for contempt. A contempt proceeding constitutes a "special proceeding" as that term is defined in R.C. 2505.02 (A) (2). State v. Timson (1974), 38 Ohio St.2d 122,311 N.E.2d 16. Although the November 1, 1997 "Order" found that appellant failed to comply with the requirements of the February 7, 1997 agreed entry and that he was obligated to pay appellee a specific sum of money, the court did not make a specific ruling on the motion for contempt. The ruling on the contempt issue, being unresolved one way or another, does not affect appellant's substantial rights and is not final or appealable.
Accordingly, we find that the November 1, 1999 "Order" is not final or appealable, thus, this Court does not have jurisdiction to consider the merits of the appeal.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxes.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J., Abele, J. Evans, J.: Concur
For the Court
 BY: ________________________________ Peter B. Abele Administrative Judge