Although I agree with the majority's analysis as to the finality of the appealed judgment, I cannot concur in their discussion concerning the necessity of a factual finding about what the trial court stated to the parties during the second conference. In my estimation, because the claimed ruling of the trial court was never set forth or filed as a written judgment entry, it should be viewed, at best, as an interlocutory order. As such, it could not have any effect on the subsequent consideration of the motion to modify. Accordingly, I conclude that the only step the trial court needs to take in this matter is the entry of a proper judgment resetting appellee's support obligation.
As a general proposition, a decision which would normally constitute a final order in an action has no legal effect until it is reduced to writing and entered upon the trial court's journal; i.e., an oral pronouncement of a decision is not binding until it is set forth in a written judgment. Homer v. ToledoHosp. (1993), 94 Ohio App.3d 282, 289. Such a ruling is at best an interlocutory order. In my opinion, this tenet of law would also apply to any oral ruling concerning a motion for a new trial. Certainly, there is no issue that a judgment granting or denying a motion for a new trial is a final appealable order, See R.C. 2505.02 (B)(3); Grossman v. Hawk Mfg. Co, Inc. (Dec. 29. 1992), Franklin App. No. 92AP-1026, unreported, 1992 Ohio App. LEXIS 6719. However, first, any such ruling must be a judgment as contemplated in Homer.
In the instant action, it is undisputed that no written judgment was ever created or filed in regard to the motion for a new trial. As a result, regardless of what oral pronouncement the trial court may have made during the second conference, that statement was interlocutory in nature. It was not binding upon the court or the parties. In turn, this meant that both the trial court and the referee were subsequently free to reconsider the hospitalization issue when it was reasserted in the context of the motion to modify.
Stated differently, because the claimed ruling of the trial court on the motion for a new trial was never set forth in or filed as a written judgment, it was not necessary for the court referee to determine what the trial court actually said.[1] Instead, the referee was able to proceed to the merits of the motion to modify, as was done here.
Public policy considerations support the foregoing conclusion. Specifically, we should not set a precedent which permits a party to claim that what a trial judge may have said off the record constitutes a ruling or judgment which can be appealed. If the decision has not been reduced to writing and filed, there is simply no judgment to be appealed. Thus, the court was free to render a new and different decision.
As I conclude that it is not necessary upon remand for the trial court or the referee to address the issue of what had been said during the second conference, I concur in judgment only.
JUDGE JUDITH A. CHRISTLEY, Eleventh Appellate District, sitting by assignment.
[1] As an aside, I would note that because this proceeding occurred in 1995, the court officer who initially heard the motion to modify was designated a court referee instead of a court magistrate.