DECISION JUDGMENT ENTRY
On October 31, 2000, the trial court granted summary judgment in favor of two of the defendants below the City of Portsmouth and the Scioto County Board of Commissioners. On November 3, 2000, the trial court granted a default judgment against the remaining defendants who had been properly served below but did not assess damages. It appearing that the order from which this appeal was taken was not a final appealable order, this court ordered the parties to file memoranda addressing that issue.
It is well established that an order must be final before an appellate court can review it. See Section 3(B)(2), Article IV of the Ohio Constitution. See, also, General Acc. Ins. Co. v. Insurance Co. of NorthAmerica (1989), 44 Ohio St.3d 17, 20. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. Lisath v. Cochran (Apr. 14, 1993), Lawrence App. No. 92CA5, unreported; In re Christian (July 22, 1992), Athens App. No. 1507, unreported.
An order, judgment entry or other journal entry that grants a default judgment as to liability only and leaves the matter of damages for later adjudication is not a final appealable order. Pinson v. Triplett (1983),9 Ohio App.3d 46, 458 N.E.2d 461. See, also, Catanzarite Co v. Roof
(1983), 8 Ohio App.3d 282, 456 N.E.2d 1339. A determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief, rather than a separate claim in and of themselves. Horner v. Toledo Hospital (1993),94 Ohio App.3d 282, 290, 640 N.E.2d 857, 861. See, also, Shelton v.Eagles FOE Aerie 2232, (Feb. 15, 2000), Adams App. No. 99CA678, unreported.
The November 3, 2000 Judgment Entry granting a default judgment against the remaining two defendants leaves the issue of damages unresolved.
Further, neither the October 31, 2000 nor the November 3, 2000 Entries contained Civ.R. 54(B) language. Civ.R. 54(B) provides:
 When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
(Emphasis added.)
Absent from the court's October 31, 2000 and November 3, 2000 Entries is the "no just reason for delay" language of Civ.R. 54(B). Accordingly, neither entry is a final appealable order and, under R.C. 2505.02, this court has no jurisdiction over the appeal. In that a court of appeals must, sua sponte, dismiss an appeal which is not from a final appealable order, Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186, this appeal is hereby DISMISSED. At such time as the trial court determines all of the issues before it, appellant may file a new notice of appeal from that Entry.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that appellees recover of appellant costs herein taxed.
It is further ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
 ______________________ Roger L. Kline, Administrative Judge.
Harsha, J. and Evans, J. Concur.