DECISION AND JUDGMENT ENTRY
This is an appeal from a "judgment" issued by the Adams County Common Pleas Court. The trial court found that appellees, State Farm Mutual Automobile Insurance Company and State Farm Fire Casualty Company, are entitled to a declaratory judgment in their favor against appellant, Owners Insurance Company. This "judgment", inter alia, (1) includes the Civ.R. 54(B) language finding that there is "no just reason for delay"; (2) and, State Farm Mutual judgment against Owners Insurance Company in the amount of $100,000 and costs; and (3) awards State Farm Fire judgment against Owners Insurance Company in the amount of $200,000 and costs. Subsequently, State Farm filed a motion for prejudgment interest and for attorney fees, and Owners Insurance filed a motion for relief from judgment. Although the trial court's "judgment" purports to constitute a final appealable order by including the Civ.R. 54(B) language, we noted that the claims for prejudgment interest and attorney fees remain outstanding and unresolved. Owners Insurance then filed its notice of appeal.
Appellate courts in Ohio have jurisdiction to review the final orders or judgments of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final appealable order is one which inter alia affects a "substantial right" and either determines the action or is entered in a special proceeding. R.C.2505.02(B)(1)(2). If a judgment is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. Prod. Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207, 210,621 N.E.2d 1360, 1362 at fn. 2; Kouns v. Pemberton (1992),84 Ohio App.3d 499, 501, 617 N.E.2d 701, 702.
Generally speaking, judgments that determine liability, but defer the issue of damages for later determination, are not final appealable orders. See State ex rel. White v. Cuyahoga Metro Hous. Auth. (1997),79 Ohio St.3d 543, 546, 684 N.E.2d 72, 72; also see GTE North Inc. v.Carr (1993), 84 Ohio App.3d 776, 778, 618 N.E.2d 249, 250 at fn. 1. An unresolved motion for prejudgment interest is part of the entire claim for relief. See Pearce v. Advanced Realty Management, Inc. (Apr. 20, 2000), Franklin App. No. 99AP-990, unreported. A determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief, rather than a separate claim in and of themselves. See Horner v. Toledo Hosp. (1993),94 Ohio App.3d 282, 290, 640 N.E.2d 857, 861. In addition, this Court and others have consistently held that judgments awarding attorney fees, but deferring the amount of those fees for later adjudication, do not determine the action and therefore are neither final nor appealable. See e.g. Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn. (1993), 87 Ohio App.3d 840, 843, 623 N.E.2d 232, 234; Cole v. Cole (Nov. 8, 1993), Scioto App. No. 93CA2146, unreported; _Pickens v. Pickens
(Aug. 27, 1992), Meigs App. No. 459, unreported; State ex rel. Van Meterv. Lawrence Cty Bd. of Commsrs. (Aug. 26, 1992), Lawrence App. No. 91CA25, unreported; also see Bilder v. Hayes (Jan. 25, 1995), Summit App. No. 16704, unreported; Baker v. Eaton Corp., (Dec. 10, 1990), Stark App. No. CA-8235, unreported.
We recognize that the trial court's judgment entry in the case subjudice provides that the judgment "constitutes a final appealable order" and includes a finding of "no just cause for delay." See Civ.R. 54(B). This language does not, however, cure the jurisdictional defect. Damages are part of a claim for relief, rather than a separate claim in and of itself, and therefore a determination of liability without a determination of damages is not a final appealable order even with the addition of Civ.R. 54(B) language. See Hitchings v. Weese (1997),77 Ohio St.3d 390, 391, 674 N.E.2d 688, 689 (Resnick, J., Concurring): also see Horner v. Toledo Hosp. (1993), 94 Ohio App.3d 282, 288-289,640 N.E.2d 857, 861-862. A finding of "no just reason for delay" pursuant to Civ.R. 54(B) does not make appealable an otherwise nonappealable order. McCabe/Marra Co. v. Dover (1995), 100 Ohio App.3d 139, 160,652 N.E.2d 236, 249; Cassim v. Cassim (1994), 98 Ohio App.3d 576, 579,649 N.E.2d 28, 30; Palmer v. Westmeyer (1988), 48 Ohio App.3d 296, 302,549 N.E.2d 1202, 1209. Furthermore, an appellate court is not bound by a trial court's determination that its judgment constitutes a final appealable order. See, Ft. Frye Teachers Assn. v. Ft. Frye Local SchoolDist. Bd. of Edn. (1993), 87 Ohio App.3d 840. See, also, Pickens v.Pickens (Aug. 27, 1992), Meigs App. No. 459, unreported, at 4; McCoy v.Hines (Oct. 17, 1990), Adams App. Nos. 495 and 497, unreported, at 5.
Accordingly, because the judgment from which this appeal is taken does not constitute a final appealable order, we lack jurisdiction to consider the instant appeal. Thus, we hereby dismiss the appeal. Appellant's "Motion to Remand or in the Alternative, for a Stay of Appeal of Owners Insurance Company" is denied. We note that the trial court may, of course, proceed to hear and determine the Civ.R. 60(B) motion for relief from judgment.
 APPEAL DISMISSED. JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J., Concur