OPINION
{¶ 1} Appellant Bret Lecrone appeals the decision of the Fairfield County Court of Common Pleas that granted summary judgment on behalf of Appellees Bob Parsley, Bob Parsley Realty Company ("Bob Parsley Realty") and Christopher and Donna Sue Yates. The following facts give rise to this appeal.
 {¶ 2} On December 29, 1996, Lecrone entered into a real estate purchase agreement, with Christopher and Donna Sue Yates, to purchase a residence located at 8490 Davis Lane, Lancaster. The Residential Property Disclosure Form does not indicate the existence of any termite problems. However, prior to the transaction with Lecrone, the Yates obtained a termite inspection from Franklin Extermination Systems, Inc. which indicated the house and garage should be treated for termites. Franklin Extermination Systems, Inc. provided an estimate, for treatment, in the amount of approximately $950.
 {¶ 3} Thereafter, the Yates hired a second termite inspector, Greg Ratcliff, d.b.a. Greg Services. In Section II of Greg Services' report, Greg Ratcliff made the following comments: "Termite tubes in crawl on wood debrie (sic) east wall of garage tubes." In Section IV, Greg Ratcliff made the following comment: "No visible structural damage only tubes." It was this termite inspection report, prepared by Greg Ratcliff, that was presented to Lecrone prior to closing on the property. According to Lecrone, after this report was presented to him, Bob Parsley allegedly stood up and said: "There is nothing to worry about, there are not termites in the house, there is no damage."
 {¶ 4} After Lecrone moved into the residence, he discovered substantial termite damage. Lecrone also learned that Franklin Exterminating Systems, Inc. had prepared a termite inspection report, prior to closing, which had never been disclosed to him. Subsequently, Lecrone filed suit on April 10, 1998. On November 15, 1999, the Yates filed a motion for summary judgment. The trial court granted said motion on April 4, 2000. Bob Parsley and Bob Parsley Realty also moved for summary judgment on January 31, 2002. The trial court granted their motion on June 5, 2002. It is from these two judgment entries Lecrone appeals and raises the following assignments of error for our consideration:
 {¶ 5} "I. The court erred in finding that plaintiff did not sufficiently allege that a material fact was misrepresented or not disclosed to plaintiff and thus issues of fact exist in this case which preclude defendant Parsley's motion for summary judgment.
 {¶ 6} "II. The court erred in finding that the plaintiff did not offer sufficient evidence to support his claim for fraud and therefore defendant Parsley's motion for summary judgment should have been denied.
 {¶ 7} "III. The court erred in finding that plaintiff's reliance on defendant Parsley's misrepresentation was unjustified, and therefore defendant Parsley's motion for summary judgment should have been denied.
 {¶ 8} "IV. The court erred in finding that plaintiff failed to demonstrate that defendant Parsley had any more knowledge of the alleged latent defect than plaintiff had, and therefore defendant Parsley's motion for summary judgment should have been denied.
 {¶ 9} "V. The court erred in finding that plaintiff failed to provide any evidence that defendants Christopher Yates and Donna Sue Yates knew anything about the alleged structural damage to the home.
 {¶ 10} "VI. The court erred in finding that plaintiff had failed to provide evidence that would demonstrate that the defendants Yates committed fraud in relation to the sale of their home.
 {¶ 11} "VII. The court erred in finding that plaintiff had failed to demonstrate through a report, affidavit or deposition any testimony that there is actual termite damage to the home."
 "Summary Judgment" {¶ 12} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 13} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 14} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citingDresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107. It is based upon this standard that we review Lecrone's assignments of error.
 "Jurisdiction" {¶ 15} Prior to addressing the merits of Lecrone's assignments of error, it is first necessary to determine whether the orders appealed from are final and appealable. If the orders rendered by the trial court are not final and appealable, we do not have jurisdiction to hear the appeal. See R.C. 2505.03(A). This matter involves multiple parties and claims. Civ.R. 54(B) provides that:
 {¶ 16} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just cause for delay. * * *"
 {¶ 17} To be final and appealable, an order must meet the requirements of both R.C. 2505.02 and Civ.R. 54(B), if applicable. ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus. "An order which fails to conclude an entire cause of action is nonfinal and nonappealable, despite the court's certification in Civ.R. 54(B) language." Norvell v. Cuyahoga Cty. Hosp. (1983), 11 Ohio App.3d 70, 71. In Horner v. Toledo Hosp. (1993), 94 Ohio App.3d 282, the Sixth District Court of Appeals explained:
 {¶ 18} "For an order to be final and appealable it must either (a) dispose of the whole case, i.e., resolve all claims between all parties, or (b) in a case involving multiple claims and multiple parties, dispose of at least one full claim by one party against another and contain an express certification pursuant to Civ.R. 54(B)." Id. at 288.
 {¶ 19} However, the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order."Noble v. Colwell (1989), 44 Ohio St.3d 92, 96.
 {¶ 20} The matter before the court involves multiple claims and parties. The trial court's judgment entries granting the motions for summary judgment do not dispose of the whole case. The case remains pending against Defendants The Leader Mortgage Company, Greg Ratcliff and Houston General Insurance Company. Therefore, for the trial court's orders granting summary judgment to be final and appealable, the entries must dispose of at least one full claim by one party against another and contain Civ.R. 54(B) language.
 {¶ 21} The judgment entry granting summary judgment for Christopher and Donna Sue Yates disposes of all of the pending claims against the Yates. However, neither the trial court's Memorandum of Decision or Judgment Entry contains the required Civ.R. 54(B) language. Thus, we conclude this order is not final and appealable and we therefore do not have jurisdiction to address Lecrone's appeal as it pertains to Christopher and Donna Sue Yates.
 {¶ 22} The judgment entry granting Bob Parsley's and Bob Parsley Realty's motion for summary judgment disposes of the pending claims against Parsley and Bob Parsley Realty. The trial court's Memorandum Decision does not contain Civ.R. 54(B) language. However, the Judgment Entry does contain the required language. Therefore, we find this order is final and appealable. Accordingly, we have jurisdiction to address Lecrone's appeal only as it pertains to Bob Parsley and Bob Parsley Realty.
 I {¶ 23} In his First Assignment of Error, Lecrone maintains the trial court erred when it found he failed to sufficiently allege that a material fact was misrepresented or not disclosed to him. We disagree.
 {¶ 24} As it pertains to Bob Parsley and Bob Parsley Realty, Lecrone alleges, in his complaint, that Bob Parsley and Bob Parsley Realty caused the termite inspector to be changed to Greg Ratcliff with the intent of concealing the structural defects and true extent of the termite infestation. The trial court concluded that Lecrone's complaint, although difficult to determine the exact cause of action against Bob Parsley and Bob Parsley Realty, states a cause of action for fraud.
 {¶ 25} In order to establish a claim for fraud, Lecrone must prove each of the following elements: (1) a representation or, where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. Burr v. Stark Cty. Bd. of Commrs. (1986),23 Ohio St.3d 69, paragraph two of the syllabus, citing Cohen v. Lamko,Inc. (1984), 10 Ohio St.3d 167, 169.
 {¶ 26} Lecrone contends, in his brief, that he sufficiently alleged facts to support his claim that Bob Parsley and Bob Parsley Realty knew about the termite damage to the house and failed to disclose this information to him. Lecrone cites to the alleged statement made by Bob Parsley, at the closing, that there are no termites in the house. Clearly, it is reasonable to conclude, from the evidence, that Bob Parsley knew the residence received treatment for termites, prior to closing. Lecrone also cites the fact that Bob Parsley knew about the first inspection performed by Franklin Extermination Systems, Inc. and that this inspection indicated termite damage to the house. Lecrone's statement that Franklin Extermination Systems, Inc.'s report indicates damage to the house is erroneous. A close review of this report establishes that no damage to the house was mentioned. Instead, the report merely states, "Treat house garage."
 {¶ 27} Accordingly, we conclude a material fact was not misrepresented or not disclosed to Lecrone. We agree with the trial court's conclusion that Bob Parsley's alleged statement, at the closing, is insufficient to meet the requirements to establish a fraud claim. The record indicates Lecrone received information regarding the termite treatment prior to closing.
 {¶ 28} Appellant's First Assignment of Error is overruled.
 III {¶ 29} We will next address Lecrone's Third Assignment of Error. In this assignment of error, Lecrone contends the trial court erred when it found his reliance on Bob Parsley's alleged statement was unjustified. We disagree.
 {¶ 30} The trial court concluded Lecrone's reliance on Bob Parsley's alleged statement, at the closing, was unjustified because information of the termite treatment was made available to Lecrone and Lecrone admits seeing the disclosure of this information prior to closing on the residence. Judgment Entry, June 5, 2002, at 4. The trial court also concluded there is no evidence Bob Parsley knew or should have known about the alleged damages nor is there any evidence that Bob Parsley had any more access to the residence or greater access to additional information about the termites or the alleged damage. Id.
 {¶ 31} On appeal, Lecrone maintains he justifiably relied upon Bob Parsley's alleged statement because he was not provided with all of the information regarding termite damage prior to closing. Specifically, Lecrone contends he was only given information concerning treatment of the termite damage as it related to the garage.
 {¶ 32} Establishing justifiable reliance does not require a showing that the party's reliance conformed to what a "reasonable man" would have believed. Amerifirst Savings Bank of Xenia v. Krug (1999),136 Ohio App.3d 468, 496. Instead, the question of whether justifiable reliance exists involves a fact-based inquiry into the circumstances of the case and the relationship between the parties. Lepera v. Fuson
(1992), 83 Ohio App.3d 17, 26. "Reliance is justified if the representation does not appear unreasonable on its face and if, under the circumstances, there is no apparent reason to doubt the veracity of the representation." Crown Property Dev., Inc. v. Omega Oil Co. (1996),113 Ohio App.3d 647, 657.
 {¶ 33} We agree with the trial court's conclusion that Lecrone's reliance on Bob Parsley's alleged statement was unjustified. Lecrone was provided with a report that disclosed the presence of termites and subsequent treatment. This report indicated no visible structural damage. The fact that Bob Parsley also knew Franklin Exterminating Systems, Inc. inspected the property did not provide Bob Parsley with knowledge about structural damage as this report also does not indicate structural damage to the property. Therefore, since Lecrone had notice that the property had been treated for termites, a reason may have existed for Lecrone to doubt the veracity of Bob Parsley's statement. However, as noted above, there is no evidence in the record that indicates Bob Parsley had any knowledge regarding structural damage, to the property, as the result of termites.
 {¶ 34} Appellant's Third Assignment of Error is overruled.
 IV {¶ 35} In his Fourth Assignment of Error, Lecrone contends the trial court erred when it concluded he failed to demonstrate that Bob Parsley had more knowledge of the alleged latent defect than he did. We disagree.
 {¶ 36} In support of this argument, Lecrone cites to the fact that Bob Parsley knew of the previous termite inspection by Franklin Exterminating Systems, Inc. and that this report indicated actual termite damage to the house. We have reviewed the report from Franklin Exterminating Systems, Inc. and we find no mention of damage to the residence. Therefore, we find the trial court correctly concluded Bob Parsley did not have more knowledge of the alleged latent defect than Lecrone.
 {¶ 37} Appellant's Fourth Assignment of Error is overruled.
 II {¶ 38} We will now address Lecrone's Second Assignment of Error in which he maintains the trial court erred when it concluded he did not present sufficient evidence to support his claim for fraud. We disagree.
 {¶ 39} As indicated in Assignments of Error One, Three and Four, Lecrone has not established that a material fact was misrepresented or not disclosed, that he justifiably relied upon Bob Parsley's alleged misrepresentation or that Bob Parsley had more knowledge about the alleged latent defect. Having failed to establish these elements of a claim for fraud, the trial court properly granted summary judgment on behalf of Bob Parsley and Bob Parsley Realty.
 {¶ 40} Appellant's Second Assignment of Error is overruled.
 VII {¶ 41} Lecrone maintains, in his Seventh Assignment of Error, the trial court erred when it concluded that he failed to demonstrate through a report, affidavit or deposition testimony that there is actual termite damage to the home. We disagree.
 {¶ 42} We have reviewed the trial court's memorandum of decision granting summary judgment on behalf of Bob Parsley and Bob Parsley Realty and the trial court does not conclude that Lecrone failed to establish that there is actual termite damage to his residence. The trial court merely concluded that Lecrone's claim for fraud against Bob Parsley and Bob Parsley Realty should be dismissed.
 {¶ 43} Appellant's Seventh Assignment of Error is overruled.
 {¶ 44} We will not address the merits of Lecrone's Fifth or Sixth Assignments of Error as these assignments of error pertain to the trial court's decision regarding Christopher and Donna Sue Yates, which is not a final appealable order.
 {¶ 45} For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P.J., and Boggins, J., concur.
Topic: Summary Judgment on Fraud Claim.