SINGLETON, Appellee,

v.

SINGLETON, Appellant.

[Cite as *Singleton v. Singleton* (1994), 95 Ohio App.3d 467.]

Court of Appeals of Ohio,
Summit County.

No. 16547.

Decided Sept. 14, 1994.

468

*Donald Lombardi,* for appellee.

*Robert Hunt,* for appellant.

DICKINSON, Judge.

Defendant Woodrow Singleton has appealed from an October 22, 1993 order of the Summit County Court of Domestic Relations that denied a motion for new trial he had filed in this divorce action. He has argued that the trial court incorrectly denied his motion because (1) the trial court's division of property between him and his former spouse, plaintiff Sandra Singleton, was contrary to law; and (2) the trial court's division of property was an abuse of discretion. This court affirms the judgment of the trial court because defendant previously appealed this matter to this court at a time following the trial court's entry of the property division about which defendant is now complaining, and this court's remand following that appeal was for a limited purpose that did not include further action related to the division of property.

## I

Mrs. Singleton commenced this divorce action against Mr. Singleton on July 23, 1990. On February 11, 1992, the trial court granted the parties a divorce and determined child support and the division of marital property. It declined to determine spousal support at that time, but retained jurisdiction over that issue. On February 25, 1992, Mr. Singleton moved for a new trial on the issue of the trial court's retention of jurisdiction regarding spousal support. The trial court granted a new trial on all issues and directed Mr. Singleton to obtain testimony regarding his health. Mr. Singleton was granted sixty days from September 24, 1992, in which to present videotaped medical evidence. Prior to expiration of that sixty-day period, however, on November 6, 1992, the trial court entered final judgment on all issues. Mr. Singleton appealed from that judgment. His only assigned error was that the trial court had incorrectly issued its final entry "before the conclusion of evidence."

This court agreed that the trial court had erred by issuing its final entry prior to the expiration of the sixty-day period. *Singleton v. Singleton* (Aug. 11, 1993), Summit App. No. 16072, unreported, at 2, 1993 WL 303257. It then proceeded to determine whether Mr. Singleton suffered any prejudice as a result of the trial court's error.

Mr. Singleton had argued that he was prejudiced by the trial court's premature action in two ways, both related to the valuation of pension benefits based upon his former employment. According to him, the lack of medical evidence caused the trial court to overvalue the pension benefits, impacting upon both the property division between the parties and his child support obligation. This court determined that the trial court's failure to consider Mr. Singleton's medical condition did not affect the property division: "[T]he court's use of the higher

figure had no effect upon the outcome of the property division and therefore did not prejudice [Mr. Singleton]." *Id.* at 3. Therefore, it was unnecessary to reverse the trial court's determination of the property division between the parties.

This court did determine, however, that the failure to consider Mr. Singleton's medical condition may have affected the determination of his child support obligation:

"We believe * * * that the trial court's entry of the final order prior to the expiration of the agreed upon time for submission of medical evidence prejudiced [Mr. Singleton] as to the child support determination." *Id.* at 4.

Accordingly, this court reversed that part of the trial court's judgment that dealt with child support. The judgment of the trial court was affirmed in part and reversed in part, and this matter was remanded to the trial court:

"The judgment of the trial court is affirmed as to the division of pension benefits, and reversed and remanded as to the child support issue." *Id.*

On remand, Mr. Singleton declined to submit medical evidence to the trial court. On September 27, 1993, the trial court entered judgment that "this matter is finalized and the Final Entry, dated November 6, 1992, remains in full force and effect." Mr. Singleton then moved for a new trial, and the trial court denied that motion on October 22, 1993. He then again appealed to this court.

## II

Both of Mr. Singleton's assignments of error on this appeal are attacks upon the trial court's property division. Specifically, he has stated that the issue on this appeal is whether the trial court should have utilized "the present value method of pension valuation and effect[ed] a set-off of marital property to the other spouse, where there are sufficient marital assets to do so, and payments over time can fully equalize the division of property."

The property division about which Mr. Singleton is complaining was made in the trial court's entry of November 6, 1992, prior to Mr. Singleton's first appeal to this court, and was not changed on remand. During that first appeal, he did not raise the assignments of error that he has now raised. Both his assignments of error must be overruled based upon the doctrine of law of the case.

■■■ Pursuant to the doctrine of law of the case, a "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." (Citations omitted.) *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 2–3, 462 N.E.2d 410, 412. One aspect of the doctrine is that, upon remand to a trial

court following an appeal, "the trial court is without authority to extend or vary the mandate given." (Citations omitted.) *Id.* at 4, 11 OBR at 3, 462 N.E.2d at 413. Inasmuch as this court remanded this action to the trial court for the limited purpose of considering the effect of Mr. Singleton's medical condition on his child support obligation, the trial court was "without authority" to change the property division that it had previously entered.

■ When Mr. Singleton initially appealed to this court, he argued that the property division was incorrect based upon one theory. To the extent that he believed it was incorrect based upon other theories, it was his obligation to argue those theories at that time. During that first appeal, this court rejected the only theory he presented related to the property division. If the property division had been the only issue in that appeal, the entire case would have then been final. The fact that there was a second issue, child support, upon which this court reversed and remanded, did not serendipitously reopen all previously closed issues for the presentation of new theories. "On this court's remand for limited purposes, the trial court was obliged to accept all issues previously adjudicated as finally settled." *Blackwell v. Internatl. Union, U.A.W.* (1984), 21 Ohio App.3d 110, 112, 21 OBR 117, 119, 487 N.E.2d 334, 338.

The trial court was without authority on remand to change its previously ordered property division in this matter. Accordingly, its failure to do so was neither contrary to law or an abuse of discretion. Mr. Singleton's assignments of error shall be overruled.

### III

Mr. Singleton's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and COOK, J., concur.

