DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant William Paluch has appealed from a divorce decree by the Domestic Relations Division of the Summit County Common Pleas Court that, among other things, declared plaintiff Margaret Paluch to be the residential parent of their three children, found Mr. Paluch to be the obligor for child support purposes, waived Mr. Paluch's child support obligations, and required him to pay a percentage of the children's annual clothing needs and out-of-pocket health care expenses in excess of $100. Mr. Paluch has argued that the trial court erred by finding, without a hearing, that Mrs. Paluch was the residential parent of their children and by calculating child support based on that finding. This Court reverses part of the judgment of the trial court because it improperly determined Mrs. Paluch to be the residential parent, but affirms the remainder of the judgment.
 I.
Mr. and Mrs. Paluch married on September 9, 1982, in Akron, Ohio. Three children were born to the couple during the 1980s. The parties separated during February 1993, when Mrs. Paluch moved out of the marital home. On June 29, 1992, she filed for divorce.
The case proceeded to trial during October and November 1993, and the trial court issued a divorce decree on December 22, 1994. That decree included a shared parenting plan submitted by Mrs. Paluch that was adopted by the trial court. In addition, the trial court calculated child support via the child support worksheet found in Section 3113.215(E) of the Ohio Revised Code. Mr. Paluch appealed that decree, and this Court reversed the trial court's judgment in part. See Paluch v. Paluch (Dec. 20, 1995), Summit App. No. 17118, unreported. This Court concluded that the trial court had erred in calculating child support. Specifically, this Court held that, because neither parent had been named the residential parent in the trial court's divorce decree, each parent, pursuant to a statutory presumption, was the residential parent. See Section 3109.04(K)(6) of the Ohio Revised Code. This Court reversed and remanded the trial court's decree for recalculation of the amount of support required under the child support guidelines.
Upon remand, the trial court requested briefs from each party. Mrs. Paluch submitted her brief on July 3, 1996. Mr. Paluch did not file a brief. The trial court then found Mrs. Paluch to be the residential parent and Mr. Paluch to be the obligor for purposes of child support. After applying the child support guidelines, the trial court found that the parties had virtually identical financial needs to support the three children. The only difference, according to the journal entry, was that Mrs. Paluch was paying the health insurance premiums for the children, paying for all of the child care, and buying all of their clothing. The trial court, however, also found that a great discrepancy existed in the parties' incomes, in that Mrs. Paluch was earning approximately $12,000 more per year than Mr. Paluch. The trial court found, therefore, that the child support calculated in accordance with the child support guidelines would have been "unjust, inappropriate, and not in the best interests of these children." It ordered that Mr. Paluch's obligation to Mrs. Paluch be reduced to $0 and that Mr. Paluch pay 39.4% of the annual clothing needs of the children and out-of-pocket health care expenses in excess of $100. Mr. Paluch timely appealed to this Court.
 II.
Mr. Paluch's sole assignment of error is that the trial court erred by finding, without a hearing, that Mrs. Paluch was the residential parent and by calculating child support based on that finding. He has argued that it was error for the trial court to determine that Mrs. Paluch was the sole residential parent because this Court had previously concluded that both parents were residential parents pursuant to Section 3109.04(K)(6) of the Ohio Revised Code and had remanded this case to the trial court for recalculation of child support based on that conclusion. According to Mr. Paluch, the trial court should have found them both to be the residential parents of their children and should have calculated child support according to the worksheet set forth in Section 3113.215(F) of the Ohio Revised Code, rather than Section 3113.215(E). According to Mr. Paluch, if the trial court had used the worksheet in Section 3113.215(F), Mrs. Paluch would have been found to be the obligor and would have been required to pay child support to Mr. Paluch.
Pursuant to the doctrine of law of the case, a "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Singleton v.Singleton (1994), 95 Ohio App.3d 467, 470, quoting Nolan v. Nolan
(1984), 11 Ohio St.3d 1, 3. One aspect of that doctrine is that, upon remand to a trial court following an appeal, "the trial court is without authority to extend or vary the mandate given."Singleton, 95 Ohio App.3d at 470-471. In the first appeal of this case, this Court held that, because the trial court originally did not name a residential parent, the presumption of Section3109.04(K)(6) required that each parent be the residential parent. See Paluch, supra, at 5. Upon remand, the trial court was without authority to change that conclusion. The trial court erred, therefore, by naming Mrs. Paluch the residential parent. Mr. Paluch's assignment of error is sustained in part, and the judgment of the trial court is reversed as to its finding that Mrs. Paluch was the sole residential parent.
Mr. Paluch has also argued that, upon a finding that both he and Mrs. Paluch were residential parents, the trial court was obligated to use the child support worksheet found in Section3113.215(F) of the Ohio Revised Code. According to Mr. Paluch, if the trial court had used Section 3113.215(F) in calculating child support, "then the end result would be for [Mrs. Paluch] to be paying support to [Mr. Paluch], therefore making [Mrs. Paluch] the obligor for purposes of child support." Section 3113.215(F) and its corresponding worksheet, however, are to be used "in a proceeding in which both parents have split parental rights and responsibilities with respect to the children who are the subject of the child support order[.]" Section 3113.215(F) of the Ohio Revised Code. Split parental rights and responsibilities means "a situation in which there is more than one child who is the subject of an allocation of parental rights and responsibilities and each parent is the residential parent and legal custodian of at least one of those children." Section 3113.215(A)(8) of the Ohio Revised Code. Trial courts are obligated to apply that section and its accompanying worksheet when each parent is the residential parent, and the only residential parent, of at least one child. See, e.g., Beckley v. Beckley (1993), 90 Ohio App.3d 202 (one parent had sole custody of two children while the other had sole custody of one child); see, also, Allread v. Allread (Oct. 20, 1995), Darke App. No. 1374, unreported; Marshall v. Marshall
(Apr. 19, 1996), Greene App. No. 95CA42, unreported; and Jordanv. Bailey (Aug. 5, 1993), Allen App. No. 1-93-2, unreported.
Mr. and Mrs. Paluch did not have split parental rights and responsibilities because neither was the sole residential parent of at least one child. Instead, the trial court correctly applied the worksheet of Section 3113.215(E) of the Ohio Revised Code, applicable when the trial court has adopted a shared parenting plan. Inasmuch as Mr. Paluch, by his assignment of error, has challenged the trial court's failure to use the worksheet found in Section 3113.215(F) of the Ohio Revised Code, and because that section was not applicable to this case, this part of his assignment of error is overruled.
 III.
Mr. Paluch's assignment of error is sustained in part and overruled in part. The trial court's determination that Mrs. Paluch is the sole residential parent is reversed; both Mr. and Mrs. Paluch are the residential parents of their children. The remainder of the trial court's order is affirmed.
Judgment reversed in part and affirmed in part.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
 Exceptions. _________________________________ CLAIR E. DICKINSON, FOR THE COURT
SLABY, P.J.
BAIRD, J., CONCUR