DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Maria, Henry, and Hunter Handel (collectively referred to as "Handels"), appeal from the judgments of the Summit County Court of Common Pleas that granted summary judgment in favor of Liberty Mutual Insurance Company ("Liberty") and Hartford Insurance Group ("Hartford"). We affirm.
 i. {¶ 2} This case stems from an automobile accident involving Maria Handel, Hunter Handel, and Ann White ("White"), the tortfeasor. Specifically, White, while operating her automobile, collided with an automobile occupied by Maria Handel and Hunter Handel. Thereafter, on January 22, 1997, the Handels filed a complaint against White and Liberty,[1] asserting claims for personal injuries, loss of consortium, uninsured/underinsured motorist ("UM/UIM") coverage, and medical payment coverage.
 {¶ 3} Liberty subsequently moved for summary judgment; the trial court granted its motion. The case proceeded to trial and, on March 28, 2000, the jury returned a verdict against White. Despite a verdict in their favor, the Handels moved for a new trial, and the trial court granted this motion on May 4, 2000. White timely appealed this judgment,[2] and this Court affirmed the trial court's judgment that granted a new trial and remanded the case to the trial court. Handel v. White (Feb. 28, 2001), 9th Dist. No. 20096.
 {¶ 4} On August 27, 2001, Hartford[3] moved to intervene, and the trial court granted this motion. The Handels moved to stay the proceedings pending arbitration. The trial court granted the Handels' motion to stay the proceedings pending arbitration, and Hartford appealed. This Court, on November 6, 2002, reversed the trial court's order granting the Handels' motion to stay, and remanded the case to the trial court. Handelv. White, 9th Dist. No. 21035, 2002-Ohio-6039. The case, again, proceeded to trial, and the jury, again, returned a verdict against White. Following the jury verdict, Hartford moved for leave to file a motion for summary judgment instanter. The trial court granted Hartford's motion for leave and, subsequently, granted Hartford's motion for summary judgment. The Handels appeal, and raise two assignments of error for review.
 ii. A. First Assignment of Error
"The trial court erred in granting summary judgment to liberty * * *."
 {¶ 5} In their first assignment of error, the Handels aver that the trial court improperly granted summary judgment in favor of Liberty. We decline to address the merits of this assignment of error, for the reasons that follow.
 {¶ 6} The law of the case doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels."Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, citing Gohman v.St. Bernard (1924), 111 Ohio St. 726, 730. The rationale underlying this doctrine is to maintain consistent results in a case by conclusively settling issues that have previously been litigated, "to avoid endless litigation * * *, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." Hubbard ex rel. Creed v. Sauline (1996),74 Ohio St.3d 402, 404. See, also, Little Forest Medical Ctr. v.Ohio Civil Rights Comm. (1993), 91 Ohio App.3d 76, 81. Moreover, the Supreme Court of Ohio has held that "the doctrine of law of the case precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, or available to be pursued, in a first appeal." Hubbard ex rel. Creed,74 Ohio St.3d at 404-405.
 {¶ 7} App.R. 3(C)(1) provides that an appellee who seeks to modify a trial court's judgment must file a cross appeal. Specifically, App.R. 3(C)(1) provides:
"A person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order or, in the event the judgment or order may be reversed or modified, an interlocutory ruling merged into thejudgment or order, shall file a notice of cross appeal within the time allowed by App.R. 4." (Emphasis added.)
 {¶ 8} An order of the trial court that grants a motion for summary judgment is an interlocutory order. Dailey v. State FarmMut. Auto. Ins. Co. (Sept. 27, 1994), 2nd Dist. No. 14732, citing Ford Motor Credit Co. v. Landmark Air Fund I (1983),12 Ohio App.3d 117, 118; Bankers Trust Co. v. Orchard (Mar. 8, 2000), 9th Dist. No. 19528. A trial court retains control over its interlocutory orders until a final judgment is issued in the case. State Farm Fire Cas. Co. v. Ohio Dept. of Transp. (Mar. 6, 2001), 10th Dist. No. 00AP-768, quoting Horner v. ToledoHosp. (1993), 94 Ohio App.3d 282, 289. When a final judgment is issued, all interlocutory orders are merged into the final judgment. State Farm Fire Cas. Co., supra; Horner,94 Ohio App.3d at 289. Accordingly, an appeal from a final judgment "brings up all interlocutory rulings so merged with it." Bard v.Society Natl. Bank (Sept. 10, 1998), 10th Dist. No. 97APE11-1497. See, also, Horner, 94 Ohio App.3d at 289.
 {¶ 9} In the present case, the trial court granted Liberty's motion for summary judgment. While this order is generally not appealable because it is an interlocutory order, it merged into the judgment of the trial court that granted the motion for a new trial on May 4, 2000. See State Farm Fire Cas. Co., supra;Horner, 94 Ohio App.3d at 289. However, when White appealed from this judgment, the Handels did not cross appeal the trial court's unfavorable ruling on the motion for summary judgment. We conclude that had the Handels wanted to change the trial court's ruling on Liberty's motion for summary judgment, they should have filed a notice of cross appeal at the time White appealed to this Court. See State Farm Fire Cas. Co., supra (finding that if the defendant wanted to challenge the trial court's adverse rulings on the motions for summary judgment and dismissal, it should have filed a notice of cross appeal at the time the plaintiff filed its notice of appeal of the judgment into which those rulings were merged). Consequently, as the trial court's decision to grant Liberty's motion for summary judgment merged into the trial court's judgment that granted a new trial, and since the Handels had the opportunity to cross appeal but failed to do so, we find that the unchallenged ruling became the law of the case. See id. See, also, Bard, supra; Horner,94 Ohio App.3d at 289. See, e.g., Singleton v. Singleton (1994),95 Ohio App.3d 467, 471, quoting Blackwell v. Internatl. Union,U.A.W. (1984), 21 Ohio App.3d 110, 112 (relying on the law of the case doctrine, the court declined to address the appellant's assignments of error, as they should have been raised in the initial appeal, and also found that "`the trial court was obliged to accept all issues previously adjudicated as finally settled'"). Therefore, the Handels are now unable to pursue any alleged error by the trial court in granting Liberty's motion for summary judgment. Accordingly, the Handels' first assignment of error is overruled.
 B. Second Assignment of Error
"The trial court erred in granting summary judgment to hartford * * *."
 {¶ 10} In their second assignment of error, the Handels contend that the trial court erroneously granted summary judgment in favor of Hartford. The Handels' contention lacks merit.
 {¶ 11} This Court finds that Maria Handel, Henry Handel, and Hunter Handel do not qualify as "insureds" in light of the Ohio Supreme Court's recent decision in Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849.
 {¶ 12} In Galatis, the Ohio Supreme Court addressed "Ohio's law regarding whether uninsured and underinsured motorist insurance issued to a corporation may compensate an individual for a loss that was unrelated to the insured corporation." Id. at ¶ 2. The Court concluded that it may not, and held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the scope of employment." (Emphasis added.) Id. at ¶ 62. The rationale underlying this holding stems from the general intent of a motor vehicle insurance policy issued to a corporation, which is "to insure the corporation as a legal entity against liability arising from the use of motor vehicles." Id. at ¶ 20, citingKing v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 211. An insurance policy extending to
"an employee's activities outside the scope of employment are not of any direct consequence to the employer as a legal entity. An employer does not risk legal or financial liability from an employee's operation of a non-business-owned motor vehicle outside the scope of employment. Consequently, uninsured motorist coverage for an employee outside the scope of employment is extraneous to the general intent of a commercial auto policy."Galatis at ¶ 20.
 {¶ 13} Furthermore, the Court held that "where a policy designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does notextend coverage to a family member of an employee of thecorporation, unless that employee is also a named insured[.]" (Emphasis added.) Reitz v. Zurich Am. Ins. Co., 9th Dist. No. 21646, 2004-Ohio-967, at ¶ 9, citing Galatis,100 Ohio St.3d 216 at paragraph three of the syllabus (overruling Ezawa v.Yasuda Fire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557,1999-Ohio-124).
 {¶ 14} In the instant case, Henry Handel is not a named insured on the Hartford policy issued to his employer, Tri-State Mobility Equipment. As such, Henry Handel must have sustained his losses during the course of his employment with Tri-State Mobility Equipment to qualify as an insured under its policy. SeeGalatis at ¶ 62. There is no evidence in the record to link the accident that involved Maria Handel and Hunter Handel to Henry Handel's employment with Tri-State Mobility Equipment. Accordingly, as Henry Handel did not incur his losses during the scope of his employment, he does not qualify as an insured under the Hartford policy. See id. As this Court has concluded that Henry Handel is not a named insured on the Hartford policy, it follows that his family members, namely, Maria Handel and Hunter Handel, are not insured by the policy. See Reitz at ¶ 9; citingGalatis, 100 Ohio St.3d 216 at paragraph three of the syllabus. Consequently, upon the authority of Galatis, this Court concludes that the Handels are not entitled to UM/UIM coverage under the policy issued by Hartford. Accordingly, the Handels' second assignment of error is overruled.
 III. {¶ 15} The Handels' assignments of error are overruled. The judgments in the Summit County Court of Common Pleas are affirmed.
Judgment affirmed.
WHITMORE, P.J., SLABY, J., CONCUR.
[1] Liberty issued a personal automobile policy to Henry Handel.
[2] A decision of a trial court that grants a motion for a new trial is a final, appealable order pursuant to R.C. 2505.02.Colvin v. Abbey's Restaurant, 85 Ohio St.3d 535, 538,1999-Ohio-286, citing Price v. McCoy Sales Servs., Inc. (1965), 2 Ohio St.2d 131, paragraph one of the syllabus. Specifically, R.C. 2505.02 provides that "[a]n order that * * * grants a new trial" is a final order. R.C. 2505.02 (B)(3).
[3] At the time of the accident, Henry Handel was employed by Tri-State Mobility Equipment. Hartford issued Tri-State Mobility Equipment a commercial policy.