[Cite as *Wilmington Savs. Fund Soc., FSB v. Easley*, 2019-Ohio-2198.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

WILMINGTON SAVINGS FUND
SOCIETY FSB, et al.

      Appellee

      v.

RONALD EASLEY, JR., et al.

      Appellant

C.A. No.     28993


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2015-02-0651

DECISION AND JOURNAL ENTRY

Dated: June 5, 2019

---

TEODOSIO, Presiding Judge.

**{¶1}** Ronald L. Easley, Jr. appeals the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Wilmington Savings Fund, FSB, dba Christiana Trust. We reverse and remand.

I.

**{¶2}** The factual background of this case was previously set forth in *Green Tree Servicing, L.L.C. v. Easley*, 9th Dist. Summit No. 28056, 2016-Ohio-7880 ("*Easley I*"):

> In 2005, Mr. Easley executed a promissory note in favor of America's Wholesale Lender for the property located at 490 Saunders Avenue, Akron, Ohio 44319. Mr. Easley also signed a mortgage with America's Wholesale Lender, granting it a security interest in the property. Mortgage Electronic Registration Systems, Inc. ("MERS") is listed as nominee for America's Wholesale Lender and its successors and assigns. The Note was endorsed in blank by "Countrywide Home Loans, Inc., a New York Corporation Doing Business as America's Wholesale Lender." As of December 23, 2010, MERS assigned the Mortgage, together with the Note, to BAC Home Loans Servicing, L.P., fka, Countrywide Home Loans Servicing, L.P. Additionally, as of November 5, 2014, Bank of America, N.A. successor bank to BAC Home Loans Servicing, L.P., formerly known as Countrywide

Home Loans Servicing, L.P., assigned the Mortgage, together with the Note, to appellee, Green Tree Servicing, LLC ("Green Tree").

On February 2, 2015, Green Tree filed a complaint in foreclosure alleging that: (1) it was the holder of the Note and Mortgage and (2) Mr. Easley was in default under the terms and conditions of the Note and Mortgage. Mr. Easley filed a pro se answer and the matter proceeded to mediation. After unsuccessful attempts at mediation, Green Tree moved for summary judgment. Mr. Easley retained counsel, moved to file an amended answer, and also filed a memorandum in opposition to Green Tree's motion for summary judgment. In response, Green Tree filed a memorandum in opposition to Mr. Easley's motion to file an amended answer, and replied to his memorandum in opposition to its motion for summary judgment. The trial court did not allow Mr. Easley's amended answer and, instead, granted Green Tree's motion for summary judgment.

*Id.* at ¶ 2-3.

{¶3} In *Easley I*, we reversed and remanded the matter after concluding that the trial court erred in granting summary judgment because there was a dispute of fact as to whether Green Tree had possession of the note at the time it filed its complaint. *Id.* at ¶ 6-15. After remand, Wilmington Savings Fund Society, FSB, dba Christian Trust ("Wilmington Savings") was substituted for Green Tree as the plaintiff. Wilmington Savings subsequently filed its motion for summary judgment, and Mr. Easley filed a combined motion for summary judgment and motion to dismiss for lack of standing. On March 5, 2018, the trial court denied Mr. Easley's combined motion and granted summary judgment in favor of Wilmington Savings. Mr. Easley now appeals, raising two assignments of error.

{¶4} As a preliminary matter, Wilmington Savings has raised the argument that we do not have jurisdiction to hear this appeal for lack of a final, appealable order. In a foreclosure action, a judgment entry is final only "if it resolves all remaining issues involved in the foreclosure. This includes the questions of outstanding liens, including what other liens must be marshaled before distribution is ordered, the priority of any such liens, and the amounts that are due the various claimants." *Mtge. Electronic Registrations Sys., Inc. v. Green Tree Servicing,*

*LLC*, 9th Dist. Summit No. 23723, 2007-Ohio-6295, ¶ 9. Although the order granting summary judgment in favor of Wilmington Savings does not meet these requirements, the trial court proceeded to enter a judgment decree in foreclosure that did meet the requirements of a final judgment. It was only after the entry of that final judgment that Mr. Easley filed his appeal.

**{¶5}** "When a final judgment is issued, all interlocutory orders are merged into the final judgment." *Handel v. White*, 9th Dist. Summit No. 21716, 2004-Ohio-1588, ¶ 8. "Any error resulting from a trial court's interlocutory order may be raised after a final judgment is entered." *Ohio Edison Co. v. Havens*, 9th Dist. Summit No. 13851, 1989 WL 25698, *1 (Mar. 22, 1989). We therefore conclude this Court has jurisdiction to hear Mr. Easley's appeal.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED WHEN IT GRANTED A JUDGMENT OF FORECLOSURE WHEN MATERIAL ISSUES OF FACT REMAINED INVOLVING POSSESSION AND APPEARANCE OF THE ORIGINAL NOTE.

**{¶6}** In his first assignment of error, Mr. Easley argues the trial court erred in granting summary judgment because a material issue of fact remained as to whether Green Tree Servicing LLC had possession of the note at the time the complaint was filed. We agree.

**{¶7}** "It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court." *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012–Ohio–5017, ¶ 41. "The lack of standing at the commencement of a foreclosure action requires dismissal of the complaint * * *." *Deutsche Bank Natl. Trust Co. v. Dvorak*, 9th Dist. Summit No. 27120, 2014–Ohio–4652, ¶ 7, quoting *Schwartzwald* at ¶ 40.

{¶8} In *Easley I*, we concluded "the materials submitted by Green Tree along with its motion for summary judgment failed to demonstrate an absence of a dispute of fact that it had standing at the time it filed its complaint." *Easley I* at ¶ 15. We reached our conclusion after determining that the affidavit of Gretchen Kessner in support of the motion for summary judgment was insufficient to establish that Green Tree was in possession of the note at the time the complaint was filed. *Id.* at ¶ 14-15

{¶9} In reviewing the deficiencies of Ms. Kessner's affidavit, we noted "she failed to describe *any* of her job duties or indicate her level of familiarity with these types of loan files and records" and that we had "no true understanding of what Ms. Kessner's position entails, or why Ms. Kessner is qualified to review Mr. Easley's file * * *." (Emphasis sic.) *Id.* at ¶ 10. We further noted:

> Ms. Kessner failed to aver that she personally reviewed the original Note in Mr. Easley's loan file, or that the copy of the Note attached to the motion for summary judgment is a true and accurate copy of the original. Ms. Kessner also failed to aver that the copies of the Mortgage and assignments are true and accurate copies of the originals. As such, the exhibits submitted with Ms. Kessner's affidavit are not "sworn" or "certified" copies pursuant to Civ.R. 56(E), and do not support Green Tree's contention that it was in possession of the original Note at the time of the filing of the complaint.

*Id.* at ¶ 11.

{¶10} Once again on appeal, Mr. Easley asserts that there is a genuine issue of fact as to whether Green Tree was in possession of the note when it filed its complaint, and again we are compelled to agree; Wilmington Savings has failed to provide any further evidence that Green Tree was in possession of the note when the complaint was filed.

{¶11} The affidavit attached in support of Wilmington Saving's motion for summary judgment is that of Michael Bennett, an Assistant Secretary at Rushmore Loan Management Services LLC, the mortgage servicer for Wilmington Savings. The affidavit does not establish

the holder of the note at the time the complaint was filed, nor does Mr. Bennett's amended affidavit, attached to Wilmington Saving's response to Mr. Easley's combined motion for summary judgment and motion to dismiss.

{¶12} Also attached to Wilmington Saving's response to Mr. Easley's combined motion is the affidavit of Rebecca C. Steinberg, stating: "I am familiar with the records maintained by Ditech Financial LLC f/k/a Green Tree Servicing LLC and am the custodian of these records or otherwise qualified by my position to identify them." The affidavit fails to provide Ms. Steinberg's employer, her title, or her duties; rather, the affidavit provides only uncertainty, with an averment written in the alternative: she is the custodian of the records *or otherwise qualified* to identify the records.

{¶13} However, even if Ms. Steinberg's affidavit was not deficient in establishing her qualifications and personal knowledge, the materials attached to the affidavit are insufficient to establish the holder of the note at the time the complaint was filed. A document entitled "Possession Statement of Ditech Financial LLC" fails to provide evidence of the holder of the note at the time of filing; it provides only that US Bank was in possession of the note on June 4, 2013, and that the note was released to Wells Fargo Bank, N.A., on May 13, 2016.

{¶14} We conclude the trail court erred in granting summary judgment in favor of Wilmington Savings because a genuine issue of fact remains as to whether Green Tree had possession of the note at the time the complaint was filed.

{¶15} Mr. Easley's first assignment of error is sustained.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED BY GRANTING A JUDGMENT OF FORECLOSURE WHEN APPELLEE DID NOT DEMONSTRATE COMPLIANCE WITH ALL CONDITIONS PRECEDENT TO FORECLOSURE.

**{¶16}** Mr. Easley's second assignment of error is rendered moot as a result of our resolution of his first assignment of error, and we therefore decline to address it. *See* App.R. 12(A)(1)(c).

III.

**{¶17}** Mr. Easley's first assignment of error is sustained. The second assignment of error is moot. The judgment of the Summit County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion.

Judgment reversed and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

RONALD EASLEY, pro se, Appellant.

DAVID J. DEMERS and MICHELLE POLLY-MURPHY, Attorneys at Law, for Appellee.