OPINION
{¶ 1} The NAACP, its legal representative, and numerous tenants of the Springfield Metropolitan Housing Authority (SMHA) appeal from the trial court's entry of summary judgment in favor of appellee SMHA on part of count four of their second amended complaint.
 {¶ 2} In their sole assignment of error, the appellants contend the trial court erred in finding count four time barred insofar as it involves events occurring prior to October 1, 1999. In support, they argue that count four "relates back" to their first amended complaint under Civ.R. 15(C) and, therefore, is not time barred. Upon review, we conclude that the ruling from which the appellants have appealed is not a final, appealable order. Accordingly, we must dismiss this appeal for lack of subject matter jurisdiction.
 I. {¶ 3} The present litigation has a lengthy procedural history, most of which is not relevant to the issue before us. In short, the appellants commenced the present action on February 10, 1998, alleging, inter alia, fraud, theft, conspiracy, corruption, and a failure to control the financial welfare of the SMHA. In March, 1998, the appellants filed a first amended complaint, adding additional defendants and new causes of action regarding tenant-maintenance issues, board-member travel expenses, and certain activities of the non-profit SMHA. One particular claim in the first amended complaint alleged, among other things, that SMHA had engaged in "improper calculation of rent[.]" (Doc. #10 at ¶ 67). Following removal to federal court and a subsequent remand, the appellants filed a second amended complaint on October 1, 2001. (Doc. #71).That pleading retained an Ohio RICO claim found in the first amended complaint and added six new claims. Of relevance to the present appeal, count four of the second amended complaint sought to impose respondeat superior negligence liability on SMHA for failing to pay its tenants their properly calculated "utility allowances." With the trial court's permission, the appellees subsequently raised a tardy statute-of-limitation defense and also asserted a counterclaim. Thereafter, the trial court sustained dispositive motions filed by the appellees and dismissed all claims in the second amended complaint except for the respondeat superior negligence claim against SMHA.
 {¶ 4} SMHA then moved for summary judgment as to part of count four. In particular, it sought a ruling that any respondeat superior negligence occurring prior to October 1, 1999, is barred by the two-year statute of limitation found in R.C. § 2744.04. The trial court sustained the motion on January 8, 2003, finding the appropriate statute of limitation to be two years. As a result, the trial court found that any respondeat superior negligence claim arising prior to October 1, 1999 (i.e., two years before the appellants filed their October 1, 2001, second amended complaint) was time barred. The trial court's summary judgment ruling included "no just reason for delay" certification under Civ.R. 54(B).
 {¶ 5} Following the trial court's ruling, which effectively limited count four to any respondeat superior negligence occurring after
October 1, 1999, the parties continued to litigate count four. They raised discovery related issues, and SMHA eventually moved to dismiss count four under Civ.R. 12(B)(6). The motion to dismiss remains pending in the trial court, which has stayed its proceedings pending resolution of the present appeal.
 II. {¶ 6} The foregoing procedural history reveals a jurisdictional issue that we must address sua sponte. A review of SMHA's summary judgment motion and the trial court's ruling thereon reveals that the housing authority actually sought, and obtained, a partial summary judgment on count four of the second amended complaint. In its motion, SMHA sought summary judgment on count four only as to any respondeat superior negligence occurring prior to October 1, 1999. SMHA's motion and the trial court's ruling indicate that count four remained viable as to any respondeat superior negligence occurring after that date. In effect, the trial court's ruling narrowed the scope of count four but did not constitute the entry of final judgment on that count. The parties' own actions support this conclusion. As noted above, they continued to litigate count four after the trial court's summary judgment ruling, and SMHA even moved to dismiss the count under Civ.R. 12(B)(6). Moreover, in their appellate brief the appellees have recognized that the trial court's summary judgment ruling did not affect any respondeat superior negligence that occurred after October 1, 1999. (See Appellees' brief at 6).
 {¶ 7} In light of the foregoing facts, the trial court erred in including Civ.R. 54(B) certification in its summary judgment ruling. In relevant part, Civ.R. 54(B) provides that "[w]hen more than one claim for relief is presented in an action * * *, the court may enter final judgment as to one or more but fewer than all of the claims * * * upon an express determination that there is no just reason for delay." Given that the trial court merely limited the scope of count four-and a motion to dismiss that count remains pending-there plainly was no entry of final judgment as to count four. As a result, Civ.R. 54(B) has no applicability, and the trial court's ruling is not a final, appealable order. See, e.g., Hitchings v. Weese, 77 Ohio St.3d 390, 391,1997-Ohio-290 (Resnick, J., concurring) (noting that a ruling which adjudicates only part of a claim is not a final, appealable order);Horner v. Toledo Hosp. (1993), 94 Ohio App.3d 282, 288 (explaining that for an order to be appealable it must at least dispose of one full claim by one party against another party); Mark It Place Foods, Inc. v. NewPlan Excel Realty Trust, Inc., Scioto App. Nos. 01CA2816, 01CA2817 at fn. 9, 2002-Ohio-3704 (recognizing that Civ.R. 54(B) does not apply when part of a claim remains pending). Because the trial court's summary judgment ruling did not completely dispose of count four, it is not appealable; and we lack jurisdiction to address the merits of this appeal. State ex rel. Scruggs v. Sadler, 97 Ohio St.3d 78,2002-Ohio-5315.
 III. {¶ 8} Based on the reasoning set forth above, we sua sponte dismiss this appeal for want of subject matter jurisdiction due to the lack of a final, appealable order.
FAIN, P.J., and WOLFF, J., concur.
(Honorable George M. Glasser, Retired from the Court of Appeals, Sixth Appellate District Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).