[Cite as *Jaffe v. Cleveland Clinic Found.*, 2021-Ohio-3345.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| MICHAEL JAFFE, | : | |
| Plaintiff-Appellant, | : | No. 110164 |
| v. | : | |
| CLEVELAND CLINIC FOUNDATION, | : | |
| Defendant-Appellee. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** September 23, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-913718

***Appearances:***

DiCello Levitt Gutzler L.L.C., Kenneth P. Abbarno, and
Mark M. Abramowitz, *for appellant.*

Reminger Co., L.P.A., William A. Meadows, and Brian D.
Sullivan, *for appellee.*

MARY J. BOYLE, A.J.:

{¶ 1} Plaintiff-appellant, Dr. Michael Jaffe, as executor of the estate of
Marcia Jaffe, appeals the trial court's order granting partial summary judgment in

favor of defendant-appellee, Cleveland Clinic Foundation ("CCF"). Dr. Jaffe raises one assignment of error for our review:

> The trial court erred in granting partial summary judgment and by holding that defendant the Cleveland Clinic Foundation cannot be held vicariously liable for the medical malpractice of its employee physicians without those physicians being named in the complaint.

{¶ 2} After reviewing the parties' arguments regarding our jurisdiction over this appeal, we find that the trial court's judgment was not a final, appealable order. We therefore dismiss this appeal for lack of appellate jurisdiction.

## I.   Procedural History and Factual Background

{¶ 3} In June 2017, Dr. Jaffe filed a wrongful death action against CCF, and he voluntarily dismissed his complaint without prejudice in April 2018. In April 2019, Dr. Jaffe refiled his complaint against CCF. He claimed that CCF's "agents, servants and employees" rendered Marcia Jaffe substandard care and improper treatment during preoperative care, surgery, and postoperative care from June 18 to July 2, 2015. The complaint states that Marcia Jaffe "suffered catastrophic injuries [and] died as a result of her injuries on July 2, 2015." The complaint asserts one count of negligence against CCF.

{¶ 4} In April 2020, CCF filed a motion for partial summary judgment. CCF argued that Dr. Jaffe did not bring claims against any individual physicians, and without individual liability, CCF cannot be vicariously liable for the physicians' actions as a matter of law pursuant to *Natl. Union Fire Ins. Co. v. Wuerth*, 122 Ohio St.3d 595, 2009-Ohio-3601, 913 N.E.2d 939. CCF maintained that Dr. Jaffe was time barred from asserting new claims against individual physicians, no physicians

could therefore be held liable, and no liability could be imputed to CCF. Dr. Jaffe filed an opposition, arguing that *Wuerth* does not apply in this case. CCF filed a reply.

{¶ 5} In November 2020, the trial court granted CCF's motion for partial summary judgment and certified it for immediate appeal pursuant to Civ.R. 54(B). The trial court explained its decision:

> This ruling is made in accordance with the Ohio Supreme Court ruling in [*Wuerth*], which states that "in the medial [sic] context [the Ohio Supreme Court has] recognized that because only individuals practice medicine, only individuals can commit medical malpractice." *Wuerth* [at] ¶ 14. Accordingly, the Cleveland Clinic Foundation cannot be held liable for medical malpractice, nor can it be held vicariously liable for the medical malpractice of it's [sic] physicians without those physicians being named in the lawsuit, as well. As plaintiff is time-barred from bringing claims against individual physicians for medical malpractice, the claim of vicarious liability against defendant Cleveland Clinic Foundation arising out of the negligent conduct of unnamed Cleveland Clinic Foundation physicians must fail.
>
> Accordingly, defendant's partial motion for summary judgment is hereby granted. The court finds that there is no just reason for delay. This order is final and appealable pursuant to Civ.R. 54.

{¶ 6} Dr. Jaffe timely appealed this judgment. In April 2021, this court sua sponte ordered the parties to submit supplemental briefs addressing whether the trial court's judgment is a final, appealable order. Both parties filed supplemental briefs maintaining that the judgment is a final, appealable order.

## II. Final Order

{¶ 7} Both parties argue that the trial court's judgment is a final, appealable order but for different reasons. CCF contends that the trial court's judgment is final because it "resolve[d] all claims between the parties." It maintains that only

physicians practice medicine, and since the trial court's order determined that CCF cannot be liable for the alleged negligence of its physicians, the order "resolves plaintiff's sole claim and terminated the action." CCF contends that to the extent Dr. Jaffe argues that additional issues remain to be litigated related to CCF's liability for its nonphysician employees, Dr. Jaffe "should be estopped" from raising such argument. CCF maintains that by appealing the trial court's order, Dr. Jaffe has admitted that the order resolved his only claim against CCF and has abandoned his theory that CCF is vicariously liable for the conduct of its nonphysician employees.

{¶ 8} Dr. Jaffe contends that he did not abandon his theory that CCF is vicariously liable for the conduct of its nonphysician employees. He argues that his claim for negligence against CCF encompasses two issues: (1) CCF's liability for the actions of its physicians, and (2) CCF's liability for the actions of its nonphysician employees. Dr. Jaffe contends that the trial court's order resolves the issue of CCF's liability for its physicians but not the issue of CCF's liability for its nonphysician employees. He maintains that in this medical negligence case, the physicians and the nonphysician employees will "point to the conduct" of each other as the source of liability. He argues that, therefore, an immediate appeal of the trial court's order serves judicial economy to avoid two separate trials with an "empty chair."

{¶ 9} The jurisdiction of a court of appeals is constitutionally limited to the review of "final" orders. *See* Article IV, Section 3(B)(2), Ohio Constitution. R.C. 2505.02(B). To be a final, appealable order, the order must meet the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Madfan, Inc. v.*

*Makris*, 8th Dist. Cuyahoga No. 102179, 2015-Ohio-1316, ¶ 6, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989).

{¶ 10} Under R.C. 2505.02(B)(1), an order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." To determine the action and prevent a judgment, the order "'must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.'" *Madfan* at ¶ 6, quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

{¶ 11} Even if the trial court's order affected a substantial right in the action, it did not in effect determine the action and prevent a judgment because it did not dispose of the "whole merits" of Dr. Jaffe's claim leaving nothing for the determination of the court. We disagree with CCF's argument that the trial court's order "resolves plaintiff's sole claim and terminated the action." Dr. Jaffe's complaint alleged that CCF's "agents, servants and employees" were negligent. Dr. Jaffe submitted expert reports to show that both the physicians and nonphysician employees were negligent, and CCF attached these reports as exhibits to its motion for partial summary judgment. CCF moved for only partial summary judgment on the issue of whether it could be liable for the conduct of its physicians — not also for the conduct of its nonphysician employees. In the trial court's order granting the motion for partial summary judgment, the trial court found that CCF

could not be liable for the physicians' conduct, but the issue of whether CCF is liable for the conduct of its nonphysician employees remains pending.

{¶ 12} Furthermore, the trial court's order resolving CCF's liability for its physicians does not automatically resolve the issue of CCF's liability for its nonphysician employees. Ohio law treats claims for medical negligence differently depending on if the claim is against physicians or nonphysician employees. *See Lombard v. Good Samaritan Med. Ctr.*, 69 Ohio St.2d 471, 433 N.E.2d 162 (1982) (explaining that only physicians and attorneys can commit malpractice under R.C. 2305.11(A), and the negligence of nurses instead falls under the definition of "medical claim" in R.C. 2305.113(A)); *see also Cobbin v. Cleveland Clinic Found.*, 2019-Ohio-3659, 143 N.E.3d 1155, ¶ 30 (8th Dist.) ("[H]ospitals can be vicariously liable for the negligence of its nurses even if the nurses are not named in a plaintiff's complaint[.]"). The trial court has yet to resolve whether CCF is liable for the alleged negligence of CCF's nonphysician employees.

{¶ 13} We also disagree with CCF's argument that by pursuing this appeal, Dr. Jaffe admitted that the trial court's order resolved his entire claim and that he abandoned his theory that CCF is liable for the conduct of its nonphysician employees. CCF cites to no law to support this argument. The trial court's judgment granting partial summary judgment was an interlocutory order that the trial court intended to be immediately appealable pursuant to Civ.R. 54(B). Dr. Jaffe's decision to appeal from the interlocutory order does not mean that he conceded that the order terminated the action or that he waived any arguments.

{¶ 14} Dr. Jaffe's argument that the judgment is immediately appealable because an immediate appeal best serves judicial economy also lacks merit because the trial court's judgment granting partial summary judgment did not fully resolve Dr. Jaffe's claim. A ruling that adjudicates only part of a claim is not a final, appealable order. *Hitchings v. Weese*, 77 Ohio St.3d 390, 391, 674 N.E.2d 688 (1997) (The trial court's order was not final and appealable because it "adjudicated only part of the claim; it did not resolve the entire claim.").

{¶ 15} This case is similar to *NAACP v. Riedel*, 2d Dist. Clark No. 2003-CA-7, 2003-Ohio-6070, in which the trial court granted a motion for partial summary judgment on a claim for negligence based on a theory of vicarious liability. The defendant moved for summary judgment on part of the count, arguing that any negligence occurring before a certain date was barred by the statute of limitations. *Id.* at ¶ 4. The trial court granted the motion and included the "no just reason for delay" language pursuant to Civ.R. 54(B). *Id.* The Second District held that the judgment was not a final, appealable order despite the Civ.R. 54(B) language. *Id.* at ¶ 8. The court explained that the summary judgment ruling was regarding only negligence that occurred before a certain date, but the claim "remained viable as to any respondeat superior negligence occurring after that date. In effect, the trial court's ruling narrowed the scope of count four but did not constitute the entry of final judgment on that count." *Id.* at ¶ 6. The court therefore found that Civ.R. 54(B) did not apply and that it lacked jurisdiction over the appeal. *Id.* at ¶ 7.

{¶ 16} Although Dr. Jaffe's claim against CCF is based on two theories of liability — vicarious liability for the physicians and vicarious liability for the nonphysician employees — both theories are part of a single claim for negligence. The trial court's judgment resolved only part of the claim, but it did not resolve the issue of CCF's vicarious liability for its nonphysician employees. Like in *Riedel*, the trial court's judgment here limited Dr. Jaffe's claim but did not fully resolve it.

{¶ 17} Despite the "no just reason for delay" language, Civ.R. 54(B) does not apply here. It is well established that a trial court's finding of "no just reason for delay" cannot "transform an order that was not final for purposes of R.C. 2505.02 into a final appealable order for Civ.R. 54(B) purposes." *Hitchings*, 77 Ohio St.3d at 391, 674 N.E.2d 688. Furthermore, Civ.R. 54(B) applies only in cases with "more than one claim for relief" or "when multiple parties are involved." But Dr. Jaffe asserted only one claim against a single party. Accordingly, Civ.R. 54(B) cannot apply even if the trial court wanted it to and even if an immediate appeal would serve the interests of judicial economy.

{¶ 18} Because the trial court's judgment is not a final order that can be appealed at this time, we have no jurisdiction over this appeal. We therefore cannot reach the merits of Dr. Jaffe's arguments about whether CCF can be liable for the negligence of its employee physicians when Dr. Jaffe brought no claims against the physicians directly.

{¶ 19} Appeal dismissed.

It is ordered that appellee recover from appellant the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
EILEEN T. GALLAGHER, J., CONCUR